IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNA WILSON,

Plaintiff,

-vs-   CASE NO.: 3:14-CV-349-J-32MCR

ASHFORD UNIVERSITY, LLC,

Defendant.

_____/

## COMPLAINT

1. The Plaintiff, DONNA WILSON, by and through the undersigned counsel, sues the Defendant, ASHFORD UNIVERSITY, LLC, and in support thereof respectfully alleges the following:

2. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

3. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3).

5. Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Duval County, Florida.

### FACTS COMMON TO ALL COUNTS

6. Plaintiff is a natural person and citizen of the State of Florida, residing in Duval County, Florida.

7.     Plaintiff is the "called party" as she was the person who received the telephone calls at issue here from Defendant on her cellular telephone. See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.     Defendant, ASHFORD UNIVERSITY, LLC is a corporation and citizen of the State of California with its principal place of business located at 13500 Evening Creek Drive North, San Diego, California.

9.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's telephone number, (904) 228-1656, several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

10.    Upon information and belief, some, or all, of the calls the Defendant made to the Plaintiff were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or a system using an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer" calls).

11.    Each autodialer call the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior express consent" of the Plaintiff.

12.    In approximately December, 2013, Plaintiff was applying online for jobs and as she was applying for jobs a "pop up" ad for Defendant's school would ask, "Do you want to further your education?" Plaintiff replied "No"; however, Plaintiff began receiving calls, including autodialer calls, from Defendant's agents and representatives attempting to get Plaintiff to apply for their online schooling. Plaintiff repeatedly told Defendant's representatives from the very first call she

received on January 2, 2014, and as many as ten (10) times after that date, that she was not interested and to <u>stop calling her cellular telephone number</u>.

13. Despite informing Defendant that she was not interested in applying for further education and to stop calling Plaintiff's cell phone, the automated calls from Defendant to Plaintiff's cellular phone continued approximately five (5) to six (6) times a day with over sixty-three (63) calls from January 2, 2014 through approximately February 22, 2014, and perhaps thereafter. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period. Attached hereto as **Exhibit "A"** is a list of some, but not all of the autodialer calls Plaintiff received from Defendant during just the abovementioned timeframe alone.

14. In approximately the end of February, 2014, Plaintiff called Defendant again in an attempt to have the calls stopped and spoke with a supervisor who informed Plaintiff that her verbal withdrawal of consent to be called had been documented months ago and she was surprised Plaintiff was still receiving calls.

15. The Defendant has a corporate policy to use a dialer system to make autodialer calls, just as it did to the Plaintiff's cellular telephone in this case, with no way for the called party, or the Defendant, to remove the incorrect number.

16. Despite actual knowledge of their wrongdoing, the Defendant continued its campaign of telephone harassment and abuse and invasion of Plaintiff's privacy.

17. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are not interested and to stop calling their cellular telephones.

18. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from its call list.

19. Upon information and belief, Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

20. Defendant's refusal to remove the Plaintiff's phone number from their calling lists and dialing systems, which included automated telephone dialing system calling five (5) to six (6) times a day, has caused Plaintiff's life to be disrupted by the repeated phone calls and has caused Plaintiff stress and frustration in trying to rectify Defendant's conduct and errors to no avail.

21. Due to Defendant's constant calls and refusal to remove her cellular telephone number from their calling list, Plaintiff was forced to change her cellular telephone number in order to have the repeated calls stopped.

22. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system (including but not limited to a predictive dialer) or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

24. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

25. All conditions precedent to the filing of this action have occurred.

## CAUSE OF ACTION

### COUNT I
### (Violation of the TCPA)

26. Plaintiff incorporates Paragraphs one (1) through twenty-five (25), as if fully set forth herein.

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. Defendant violated the TCPA with respect to its autodialer calls to Plaintiff's cellular telephone number, and willfully and/or knowingly violated the TCPA with respect to the Plaintiff, specifically as to all autodialer calls made by Defendant to Plaintiff's cellular telephone after January 2, 2014.

29. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Michael J. Vitoria

Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff